**UNITED STATES DISTRICT COURT**

**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **In the Matter of the Complaint** ) | |
| ) | |
| **of** ) | **Civil Action No.:** |
| ) | **IN ADMIRALTY** |
| **BOSTON HARBOR CRUISES, LLC AND** ) | |
| **HORNBLOWER CRUISES AND EVENTS** ) | |
| **LLC, as Owners Under 46 U.S.C. § 30501, of the** ) | |
| **M/V ABIGAIL ADAMS (O.N. 1129770), Her Engines,** ) | |
| **Machinery, Tackle, Apparel, Appurtenances, etc., for** ) | |
| **Exoneration From, or Limitation of, Liability, Civil** ) | |
| **and Maritime,** ) | |
| ) | |
| **Petitioners.** ) | |
| ) | |

<u>**COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY**</u>

NOW COME Petitioners, Boston Harbor Cruises, LLC ("BHC") and Hornblower Cruises and Events LLC ("Hornblower"), as owners under 46 U.S.C. § 30501, by and through their undersigned attorneys, Eckland & Blando LLP, and hereby respectfully bring this Complaint seeking exoneration from, or limitation of, liability, pursuant to 46 U.S.C. § 30501, *et seq.* and Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure, and in support thereof aver, upon information and belief, as follows:

1.      This is an admiralty and maritime claim within the meaning of 28 U.S.C. § 1333, Rule 9(h) of the Federal Rules of Civil Procedure, and Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure ("Supplemental Rules").

2.      Venue is proper in this District in accordance with Supplemental Rule F(9).

3.      At all times material hereto, BHC was and still is a limited liability company organized and existing under the laws of the State of Delaware with a principal place of business at 1 Long Wharf, Boston, Massachusetts 02110.

4.      At all times material hereto, Hornblower was and still is a limited liability company organized and existing under the laws of the State of Delaware with a principal place of business at Millenia Park One, 4901 Vineland Rd., Ste. 200, Orlando, FL 32811.

5.      At all times material hereto, BHC was the operator and owner *pro hac vice* of the M/V ABIGAIL ADAMS f/k/a the M/V MICKEY MURPHY[1] bearing Official No. 1129770, her engines, machinery, tackle, apparel, appurtenances, etc. (the "Vessel"), within the meaning of the Limitation of Liability Act, 46 U.S.C. § 30501, *et seq.*

6.      At all times material hereto, as alleged by Mr. Ronald Weinberg, Hornblower was an owner of the Vessel within the meaning of the Limitation of Liability Act, 46 U.S.C. § 30501, *et seq.*

7.      On or about May 22, 2025 at approximately 1505 hours, the Vessel departed Logan Airport en route to the New England Aquarium arriving at or around 1516 hours that same day (the "Voyage").

8.      During the Voyage, while Mr. Ronald Weinberg has alleged that Hornblower employed Mr. Weinberg, BHC employed Mr. Ronald Weinberg as a part-time deckhand and member of the Vessel's crew.

9.      During the Voyage, the Vessel was carrying one passenger and three crewmembers, including a Captain and two deckhands, including Mr. Ronald Weinberg.

---

[1] The Vessel was named the M/V MICKEY MURPHY at the time of the Voyage and, upon information and belief, was renamed the M/V ABIGAIL ADAMS post-Voyage but retained the same Official Number.

10.     While the Vessel was attempting to dock at the conclusion of the Voyage, Mr. Weinberg's right leg allegedly became entangled in a mooring line and was pulled through the starboard bow chock (the "Incident").

11.     Immediately following the Incident, representatives of BHC responded and provided aid to Mr. Weinberg.

12.     After the Incident, Mr. Weinberg was transported directly from the Vessel, which was docked at the New England Aquarium, to Massachusetts General Hospital.

13.     As a result of this Incident, Mr. Weinberg alleges he suffered injuries including "a below the knee amputation of his right leg…"

14.     During the Voyage and all times material hereto, the Vessel was a seagoing Vessel, the Vessel was not carrying more than six passengers, and the Vessel was not a submersible vessel.

15.     At all times material hereto, Petitioners used due diligence to make the Vessel seaworthy in all respects.  Prior to the commencement of the Voyage, the Vessel was tight, staunch, strong, properly manned, equipped, and supplied, and in all respects seaworthy for the Voyage and service in which she was engaged.

16.     The Incident was not caused by or contributed to by any negligence or fault on the part of Petitioners or for those for whom Petitioners are responsible, and Petitioners deny any such loss, damage, or injury was done, occasioned by, or occurred with any privity or knowledge of Petitioners.

17.     The Vessel's fair market value at the time of the Incident and at the conclusion of the Voyage was USD $965,000.00. The pending freight at the time of the Incident and at the conclusion of the Voyage was $6.50, reflecting the fare actually earned for the transportation of the single passenger from Logan Airport to the New England Aquarium aboard the Vessel.

18.     Upon information and belief, on or about June 11, 2025, counsel for Mr. Weinberg sent a written demand for maintenance and cure, a revocation of any authorizations, and a request to preserve evidence to "Hornblower / Boston Harbor City Cruises"[2] in connection with the Incident.

19.     Upon information and belief, on or about October 14, 2025, counsel for Mr. Weinberg sent a "Presentment of Claims Under M.G.L. c. 258, Section 4 for Ronald Weinberg," which the Massachusetts Bay Transportation Authority, received on October 22, 2025.

20.     This Complaint is filed within six (6) months of any written notice of claim in connection with the Incident or Voyage.

21.     This Complaint is filed pursuant to Rule F(1) of the Supplemental Rules.

22.     Petitioners, owner *pro hac vice* and owners under 46 U.S.C. § 30501 of the Vessel, claim exoneration from liability for any losses, damages, injuries, or death caused, done, occasioned, incurred, or arising out of the Voyage or during the Voyage, and for any and all claims therefor.

23.     If, however, it is found that Petitioners are liable for any such damages, which is specifically denied, Petitioners alternatively claim the benefit of limitation of liability, as provided by the Limitation of Liability Act, 46 U.S.C. § 30501 *et seq.*, Supplemental Rule F, and the various statutes supplementary thereto and amendatory thereof.

24.     The aforesaid allegations, which are true and correct, are brought within the admiralty and maritime jurisdiction of this Honorable Court.

---

[2] Petitioners note that the written preservation notice is dated June 11, 2024; however, this appears to be a scrivener's error, as the notice was transmitted via email to BHC's agent on June 11, 2025, and could not possibly have pre-dated the alleged incident of May 25, 2025.

**WHEREFORE**, the Petitioners, Boston Harbor Cruises, LLC and Hornblower Cruises and Events LLC pray:

1.      This Honorable Court issue a Notice to all persons asserting claims with respect to which the Complaint seeks exoneration or limitation, directing them to file their respective claims with the Clerk of the Court and to serve on the attorneys for Petitioners a copy thereof on or before the date to be named in the Notice;

2.      This Honorable Court issue a Notice to all persons desiring to contest either the right to exoneration from or the right to limitation of liability, directing he/she/it shall file and serve on the Petitioners' attorneys an answer to the Complaint on or before said date, unless his/her/its claim has included an answer so designated;

3.      This Honorable Court issue an Order restraining, staying, and enjoining the prosecution of any and all actions, suits, or proceedings already commenced and enjoining the commencement or prosecution hereafter of any and all actions, suits, or proceedings, of any nature or description against the Petitioners or concerning the Incident or Voyage, or any other property of Petitioners to recover damages for, or in respect of, any loss, damage, or injury caused or resulting from the aforesaid Incident or Voyage, or done, occasioned or incurred on the aforesaid Voyage;

4.      This Honorable Court adjudge that Petitioners are not liable to any extent for any loss, damage, or injury for any claim therefor in any way resulting from, done, occasioned or incurred, as a result of the Voyage or Incident, or during the aforesaid Voyage;

5.      If Petitioners are adjudged liable, as owner *pro hac vice* and owners under 46 U.S.C. § 30501 of the Vessel, then this Honorable Court adjudge that any such liability for all claims shall be limited to USD $965,006.50, value of the Petitioners' interest in the Vessel and

pending freight at the conclusion of the Voyage, and that judgment be entered discharging Petitioners from all further liability; and

6.      Petitioners shall have such other and further relief as this Honorable Court deems just and proper under the circumstances.

Respectfully submitted,

Petitioners, Boston Harbor Cruises, LLC and Hornblower Cruises and Events LLC,

By their attorney,

ECKLAND & BLANDO LLP

/s/Samuel P. Blatchley
Samuel P. Blatchley (BBO# 670232)
sblatchley@ecklandblando.com
555 Pleasant Street, Unit 2C
New Bedford, MA 02740
(617) 217-6936

## CERTIFICATE OF SERVICE

I hereby certify that on December 10, 2025, I electronically filed the within document with the Clerk of the Court using the CM/ECF system.

/s/Samuel P. Blatchley
Samuel P. Blatchley (BBO# 670232)