**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| In the Matter of the Complaint )<br>BOSTON HARBOR CRUISES, LLC AND )<br>HORNBLOWER CRUISES AND EVENTS )<br>LLC, as Owners Under 46 U.S.C. § 30501, of the )<br>M/V ABIGAIL ADAMS (O.N. 1129770), Her )<br>Engines, Machinery, Tackle, Apparel, )<br>Appurtenances, etc. )<br>FOR EXONERATION FROM )<br>OR LIMITATION OF LIABILITY, Civil and )<br>Maritime )<br>     Petitioners )<br>) | Civ. Act. No. : 25-cv-13800-JEK |

**CLAIM OF RONALD WEINBERG**

Now comes the Claimant in the above-entitled matter and submits Claim of Ronald Weinberg against Petitioners Boston Harbor Cruises, LLC and Hornblower Cruises and Events LLC and states:

**General Factual Allegations**

1.     The Claimant, Ronald Weinberg, is a resident of Revere, Commonwealth of Massachusetts.

2.     The Petitioner, Hornblower Cruises and Events LLC, is a corporation, duly organized and existing under the laws of the State of Delaware.

3.     On or about May 22, 2025, the Petitioner, Hornblower Cruises and Events LLC, was doing business within the Commonwealth of Massachusetts.

4.     On or about 2025, the Petitioner, Hornblower Cruises and Events LLC, was doing business within the Commonwealth of Massachusetts.

5.      The Petitioner, Boston Harbor Cruises, LLC, is a corporation, duly organized and existing under the laws of the State of Delaware.

6.      On or about May 22, 2025, the Petitioner, Boston Harbor Cruises, LLC, was doing business within the Commonwealth of Massachusetts.

7.      On or about 2025, the Petitioner, Boston Harbor Cruises, LLC, was doing business within the Commonwealth of Massachusetts.

8.      On or about May 22, 2025, the Claimant, Ronald Weinberg, was employed by the Petitioner, Hornblower Cruises and Events LLC.

9.      On or about May 22, 2025, the Claimant, Ronald Weinberg, was employed by the Petitioner, Hornblower Cruises and Events LLC, as a seaman, and a member of the crew of the M/V MICKEY MURPHY.

10.     On or about May 22, 2025, the Petitioner, Hornblower Cruises and Events LLC, owned the M/V MICKEY MURPHY.

11.     The Petitioner, Hornblower Cruises and Events LLC, chartered the M/V MICKEY MURPHY from some other person or entity such that on or about May 22, 2025, the Petitioner, Hornblower Cruises and Events LLC was the owner pro hac vice of the M/V MICKEY MURPHY.

12.     On or about May 22, 2025, the Petitioner, Hornblower Cruises and Events LLC, operated the M/V MICKEY MURPHY.

13.     On or about May 22, 2025, the Petitioner, Hornblower Cruises and Events LLC, or the Petitioner's agents, servants, and/or employees, controlled the M/V MICKEY MURPHY.

14.     On or about May 22, 2025, the Claimant, Ronald Weinberg, was employed by the

2

Petitioner, Boston Harbor Cruises, LLC.

15. On or about May 22, 2025, the Claimant, Ronald Weinberg, was employed by the Petitioner, Boston Harbor Cruises, LLC, as a seaman, and a member of the crew of the M/V MICKEY MURPHY

16. On or about May 22, 2025, the Petitioner, Boston Harbor Cruises, LLC, owned the M/V MICKEY MURPHY.

17. The Petitioner, Boston Harbor Cruises, LLC, chartered the M/V MICKEY MURPHY from some other person or entity such that on or about May 22, 2025, the Petitioner, Boston Harbor Cruises, LLC was the owner pro hac vice of the M/V MICKEY MURPHY.

18. On or about May 22, 2025, the Petitioner, Boston Harbor Cruises, LLC, operated the M/V MICKEY MURPHY.

19. On or about May 22, 2025, the Petitioner, Boston Harbor Cruises, LLC, or the Petitioner's agents, servants, and/or employees, controlled the M/V MICKEY MURPHY.

20. On or about May 22, 2025, the M/V MICKEY MURPHY was in navigable waters.

21. On or about May 22, 2025, while in the in the performance of his duties in the service of the M/V MICKEY MURPHY, the Claimant, Ronald Weinberg, sustained personal injuries, which include but are not limited to a below the knee amputation of his right leg and other injuries which will be show at the time of the trial.

22. Prior to and at the time he sustained the above-mentioned personal injuries, the Claimant, Ronald Weinberg, was exercising due care.

**Jurisdiction**

23.     This Court has subject matter jurisdiction over this matter pursuant to The Merchant Marine Act of 1920, commonly called the Jones Act, 46 U.S.C., §30104, et. seq. (formerly §688 et. seq.).

24.     This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1331, 1332 and alternatively 28 U.S.C. §1333.

**COUNT I**
**Ronald Weinberg v. Hornblower Cruises and Events LLC**
**(JONES ACT NEGLIGENCE)**

25.     The Claimant, Ronald Weinberg, reiterates the allegations set forth in paragraphs 1 through 24 above.

26.     The personal injuries sustained by the Claimant, Ronald Weinberg, were not caused by any fault on his part but were caused by the negligence of the Petitioner, its agents, servants and/or employees, including but not limited to the following:

  a.     Petitioner failed to provide the Claimant with a safe place to work;

  b.     Petitioner failed to comply with its own policies and procedures;

  c.     Petitioner failed to maintain the vessel's gear, equipment, working areas and machinery in a safe condition for operations;

  d.     Petitioner failed to warn Claimant of a potentially dangerous condition;

  e.     Petitioner failed to train employees in procedure, operation and safe work practices;

  f.     Petitioner failed to properly instruct and/or supervise the crewmembers;

  g.     Petitioner failed to properly store the line;

4

h. and other aspects which will be shown at the time of trial.

27. As a result of said injuries, the Claimant, Ronald Weinberg, has suffered pain of body and anguish of mind, lost time from his usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

28. This cause of action is brought under the Merchant Marine Act of 1920, commonly called the Jones Act.

WHEREFORE, the Claimant, Ronald Weinberg, demands judgment against the Petitioner, Hornblower Cruises and Events LLC, in an amount to be determined by a jury together with interest and costs.

## COUNT II
### Ronald Weinberg v. Hornblower Cruises and Events LLC
### (GENERAL MARITIME LAW  -  UNSEAWORTHINESS)

29. The Claimant, Ronald Weinberg, reiterates the allegations set forth in paragraphs 1 through 24 above.

30. The personal injuries sustained by the Claimant, Ronald Weinberg, were due to no fault of his, but were caused by the unseaworthiness of the M/V MICKEY MURPHY, including but not limited to the following

a. the vessel, its gear, equipment, working areas, machinery and appurtenances were not fit for their intended purposes;

b. lack of and/or improper placed of equipment;

c. and all other aspects which will be shown at the time of trial.

31. As a result of said injuries, the Claimant, Ronald Weinberg has, suffered pain of body and anguish of mind, lost time from his usual work and pursuits, incurred medical

expenses, and has sustained and will sustain other damages as will be shown at trial.

32.   This cause of action is brought under the General Maritime Law for Unseaworthiness and is for the same cause of action as Count I.

WHEREFORE, the Claimant, Ronald Weinberg, demands judgment against the Petitioner, Hornblower Cruises and Events LLC, in an amount to be determined by a jury together with interest and costs.

## COUNT III
### Ronald Weinberg v. Hornblower Cruises and Events LLC
### (GENERAL MARITIME LAW - MAINTENANCE and CURE)

33.   The Claimant, Ronald Weinberg, reiterates all of the allegations set forth in Paragraphs 1 through 24 above.

34.   As a result of the personal injuries described in paragraph 21 above, the Claimant, Ronald Weinberg, has incurred and will continue to incur expenses for his maintenance and cure.

WHEREFORE, the Claimant, Ronald Weinberg, demands judgment against the Petitioner, Hornblower Cruises and Events LLC, in the amount to be determined for maintenance and cure, together with costs and interest.

## COUNT IV
### Ronald Weinberg v. Boston Harbor Cruises, LLC
### (JONES ACT NEGLIGENCE)

35.   The Claimant, Ronald Weinberg, reiterates the allegations set forth in paragraphs 1 through 24 above.

36.   The personal injuries sustained by the Claimant, Ronald Weinberg, were not caused by any fault on his part but were caused by the negligence of the Petitioner, its agents, servants and/or employees, including but not limited to the following:

  a.  Petitioner failed to provide the Claimant with a safe place to work;

  b.  Petitioner failed to comply with its own policies and procedures;

  c.  Petitioner failed to maintain the vessel's gear, equipment, working areas and machinery in a safe condition for operations;

  d.  Petitioner failed to warn Claimant of a potentially dangerous condition;

  e.  Petitioner failed to train employees in procedure, operation and safe work practices;

  f.  Petitioner failed to properly instruct and/or supervise the crewmembers;

  g.  Petitioner failed to properly store the line;

  h.  and other aspects which will be shown at the time of trial.

37. As a result of said injuries, the Claimant, Ronald Weinberg, has suffered pain of body and anguish of mind, lost time from his usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

38. This cause of action is brought under the Merchant Marine Act of 1920, commonly called the Jones Act.

WHEREFORE, the Claimant, Ronald Weinberg, demands judgment against the Petitioner, Boston Harbor Cruises, LLC, in an amount to be determined by a jury together with interest and costs.

**COUNT V**
**Ronald Weinberg v. Boston Harbor Cruises, LLC**
**(GENERAL MARITIME LAW - UNSEAWORTHINESS)**

39. The Claimant, Ronald Weinberg, reiterates the allegations set forth in paragraphs 1 through 24 above.

40.     The personal injuries sustained by the Claimant, Ronald Weinberg, were due to no fault of his, but were caused by the unseaworthiness of the M/V MICKEY MURPHY, including but not limited to the following

      a.     the vessel, its gear, equipment, working areas, machinery and appurtenances were not fit for their intended purposes;

      b.     lack of and/or improper placed of equipment;

      c.     and all other aspects which will be shown at the time of trial.

41.     As a result of said injuries, the Claimant, Ronald Weinberg has, suffered pain of body and anguish of mind, lost time from his usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

42.     This cause of action is brought under the General Maritime Law for Unseaworthiness and is for the same cause of action as Count IV.

WHEREFORE, the Claimant, Ronald Weinberg, demands judgment against the Petitioner, Boston Harbor Cruises, LLC, in an amount to be determined by a jury together with interest and costs.

### COUNT VI
**Ronald Weinberg v. Boston Harbor Cruises, LLC**
**(GENERAL MARITIME LAW - MAINTENANCE and CURE)**

43.     The Claimant, Ronald Weinberg, reiterates all of the allegations set forth in Paragraphs 1 through 24 above.

44.     As a result of the personal injuries described in paragraph 21 above, the Claimant, Ronald Weinberg, has incurred and will continue to incur expenses for his maintenance and cure.

WHEREFORE, the Claimant, Ronald Weinberg, demands judgment against the

Petitioner, Boston Harbor Cruises, LLC, in the amount to be determined for maintenance and cure, together with costs and interest.

**CLAIMANT DEMANDS A TRIAL BY JURY ON ALL ISSUES**

**RAISED IN COUNTS I-VI**

> **Respectfully submitted for the**
> **the Claimant, RONALD WEINBERG**
> **by his attorney,**
>
>
> /s/ Carolyn M. Latti
> Carolyn Latti
> BBO # 567394
> Mallory E. Haeflich
> BBO #712-323
> LATTI ASSOCIATES LLC
> 30-31 Union Wharf
> Boston, MA 02109
> (617) 523-1000
> clatti@lattiassociates.com
> mhaeflich@lattiassociates.com

Dated:  March 12, 2026

## CERTIFICATE OF SERVICE

I hereby certify that on March 12, 2026 I electronically filed the above document with the Clerk of the Court using CM/ECF system which will send notification of such filing(s) to all counsel of record in the above captioned matter.

> /s/  Carolyn M. Latti
> Carolyn M. Latti