**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **In the Matter of the Complaint** ) | |
| ) | |
| **of** ) | **1:25-cv-13800-JEK** |
| ) | **IN ADMIRALTY** |
| **BOSTON HARBOR CRUISES, LLC AND** ) | |
| **HORNBLOWER CRUISES AND EVENTS** ) | |
| **LLC, as Owners Under 46 U.S.C. § 30501 of the** ) | |
| **M/V ABIGAIL ADAMS (O.N. 1129770), Her Engines,** ) | |
| **Machinery, Tackle, Apparel, Appurtenances, etc., for** ) | |
| **Exoneration From, or Limitation of, Liability, Civil** ) | |
| **and Maritime,** ) | |
| ) | |
| **Petitioners.** ) | |
| ) | |

**ANSWER TO CLAIMANT RONALD WEINBERG'S CLAIM AGAINST PETITIONERS**
**BOSTON HARBOR CRUISES, LLC AND HORNBLOWER CRUISES AND EVENTS**
**LLC**

NOW COME the Petitioners, Boston Harbor Cruises, LLC, and Hornblower Cruises and Events LLC (the "Petitioners"), in the above captioned matter, by and through their undersigned counsel, Eckland & Blando LLP, and respectfully submit their Answer to Claimant Ronald Weinberg's ("Claimant") Claim [Docket No. 7] ("Claimant's Claim") as follows:

**General Factual Allegations**

1.      The allegations in Paragraph 1 of Claimant's Claim are denied for lack of sufficient information to support a belief therein.

2.      The allegations in Paragraph 2 of Claimant's Claim are denied.

3.      The allegations in Paragraph 3 of Claimant's Claim contain legal conclusions which do not require a response from Petitioners. To the extent a response is required, the allegations of

Paragraph 3 of Claimant's Claim are denied.

4.    The allegations in Paragraph 4 of Claimant's Claim contain legal conclusions which do not require a response from Petitioners. To the extent a response is required, the allegations of Paragraph 4 of Claimant's Claim are denied.

5.    The allegations in Paragraph 5 of Claimant's Claim contain legal conclusions which do not require a response from Petitioners. To the extent a response is required, the allegations of Paragraph 5 of Claimant's Claim are denied.

6.    The allegations in Paragraph 6 of Claimant's Claim contain legal conclusions which do not require a response from Petitioners. To the extent a response is required, the allegations of Paragraph 6 of Claimant's Claim are denied.

7.    The allegations in Paragraph 7 of Claimant's Claim contain legal conclusions which do not require a response from Petitioners. To the extent a response is required, the allegations of Paragraph 7 of Claimant's Claim are denied.

8.    The allegations in Paragraph 8 of Claimant's Claim are denied.

9.    The Petitioners admit that, on or about May 22, 2025, Claimant, Ronald Weinberg, was a member of the crew of the M/V MICKEY MURPHY. Any remaining allegations contained in Paragraph 9 of Claimant's Claim are legal conclusions, and, to the extent a response is required, those remaining allegations are denied.

10.    The allegations in Paragraph 10 of Claimant's Claim contain legal conclusions which do not require a response from Petitioners. To the extent a response is required, the allegations of Paragraph 10 of Claimant's Claim are denied.

11.    The allegations in Paragraph 11 of Claimant's Claim contain legal conclusions which do not require a response from Petitioners. To the extent a response is required, the

allegations of Paragraph 11 of Claimant's Claim are denied.

12.     The allegations in Paragraph 12 of Claimant's Claim contain legal conclusions which do not require a response from Petitioners. To the extent a response is required, the allegations of Paragraph 12 of Claimant's Claim are denied.

13.     The allegations in Paragraph 13 of Claimant's Claim contain legal conclusions which do not require a response from Petitioners. To the extent a response is required, the allegations of Paragraph 13 of Claimant's Claim are denied.

14.     The allegations in Paragraph 14 of Claimant's Claim contain legal conclusions which do not require a response from Petitioners. To the extent a response is required, the allegations of Paragraph 14 of Claimant's Claim are denied.

15.     The Petitioners admit that, on or about May 22, 2025, Claimant, Ronald Weinberg, was a member of the crew of the M/V MICKEY MURPHY. Any remaining allegations contained in Paragraph 15 of Claimant's Claim are legal conclusions, and, to the extent a response is required, those remaining allegations are denied.

16.     The allegations in Paragraph 16 of Claimant's Claim contain legal conclusions which do not require a response from Petitioners. To the extent a response is required, the allegations of Paragraph 16 of Claimant's Claim are denied.

17.     The allegations in Paragraph 17 of Claimant's Claim contain legal conclusions which do not require a response from Petitioners. To the extent a response is required, the allegations of Paragraph 17 of Claimant's Claim are denied.

18.     The allegations in Paragraph 18 of Claimant's Claim contain legal conclusions which do not require a response from Petitioners. To the extent a response is required, the allegations of Paragraph 18 of Claimant's Claim are denied.

19.     The allegations in Paragraph 19 of Claimant's Claim contain legal conclusions which do not require a response from Petitioners. To the extent a response is required, the allegations of Paragraph 19 of Claimant's Claim are denied.

20.     The allegations of Paragraph 20 of Claimant's Claim contain legal conclusions and statements of law which do not require a response from Petitioners. To the extent a response is required, the allegations in Paragraph 20 of Claimant's Claim are denied.

21.     The allegations of Paragraph 21 of Claimant's Claim contain legal conclusions and statements of law which do not require a response from Petitioners. To the extent a response is required, the allegations in Paragraph 21 of Claimant's Claim are denied.

22.     The allegations in Paragraph 22 of Claimant's Claim are denied.

**Jurisdiction**

23.     The allegations in Paragraph 23 of Claimant's Claim contain jurisdictional statements and statements of law which do not require a response from Petitioners. To the extent a response is required, the allegations in Paragraph 23 of Claimant's Claim are denied.

24.     The allegations of Paragraph 24 of Claimant's Claim contain jurisdictional statements and statements of law which do not require a response from Petitioners. To the extent a response is required, the allegations in Paragraph 24 of Claimant's Claim are denied.

**COUNT I**
**Ronald Weinberg v. Hornblower Cruises and Events LLC**
**(JONES ACT NEGLIGENCE)**

25.     Petitioners reaffirm and reiterate all of their Answers contained in Paragraphs 1 through 24 above, inclusive, and incorporate the same by reference herein.

26.     Petitioners deny the allegations of Paragraph 26 of Claimant's Claim, including subparagraphs a, b, c, d, e, f, g, and h.

27.    The allegations in Paragraph 27 of Claimant's Claim are denied.

28.    The allegations in Paragraph 28 of Claimant's Claim contain legal conclusions and statements of law, which do not require a response from Petitioners. To the extent a response is required, the allegations in Paragraph 28 of Claimant's Claim are denied.

WHEREFORE, Petitioners, Boston Harbor Cruises, LLC, and Hornblower Cruises and Events, LLC, pray that Count I of the Claimant's Claim be dismissed together with costs and attorneys' fees.

## COUNT II
### Ronald Weinberg v. Hornblower Cruises and Events LLC
### (GENERAL MARITIME LAW – UNSEAWORTHINESS)

29.    Petitioners reaffirm and reiterate all of their Answers contained in Paragraphs 1 through 28 above, inclusive, and incorporate the same by reference herein.

30.    Petitioners deny the allegations of Paragraph 30 of Claimant's Claim, including subparagraphs a, b, and c.

31.    The allegations in Paragraph 31 of Claimant's Claim are denied.

32.    The allegations in Paragraph 32 of Claimant's Claim contain legal conclusions and statements of law, which do not require a response from Petitioners. To the extent a response is required, the allegations in Paragraph 32 of Claimant's Claim are denied.

WHEREFORE, Petitioners, Boston Harbor Cruises, LLC, and Hornblower Cruises and Events, LLC, pray that Count II of the Claimant's Claim be dismissed together with costs and attorneys' fees.

## COUNT III
### Ronald Weinberg v. Hornblower Cruises and Events LLC
### (GENERAL MARITIME LAW – MAINTENANCE AND CURE)

33.    Petitioners reaffirm and reiterate all of their Answers contained in Paragraphs 1

through 32 above, inclusive, and incorporate the same by reference herein.

34.     The allegations in Paragraph 34 of Claimant's Claim are denied.

WHEREFORE, Petitioners, Boston Harbor Cruises, LLC, and Hornblower Cruises and Events, LLC, pray that Count III of the Claimant's Claim be dismissed together with costs and attorneys' fees.

## COUNT IV
### Ronald Weinberg v. Boston Harbor Cruises, LLC
### (JONES ACT NEGLIGENCE)

35.     Petitioners reaffirm and reiterate all of their Answers contained in Paragraphs 1 through 34 above, inclusive, and incorporate the same by reference herein.

36.     Petitioners deny the allegations of Paragraph 36 of Claimant's Claim, including subparagraphs a, b, c, d, e, f, g, and h.

37.     The allegations in Paragraph 37 of Claimant's Claim are denied.

38.     The allegations in Paragraph 38 of Claimant's Claim contain legal conclusions and statements of law, which do not require a response from Petitioners. To the extent a response is required, the allegations in Paragraph 38 of Claimant's Claim are denied.

WHEREFORE, Petitioners, Boston Harbor Cruises, LLC, and Hornblower Cruises and Events, LLC, pray that Count IV of the Claimant's Claim be dismissed together with costs and attorneys' fees.

## COUNT V
### Ronald Weinberg v. Boston Harbor Cruises, LLC
### (GENERAL MARITIME LAW – UNSEAWORTHINESS)

39.     Petitioners reaffirm and reiterate all of their Answers contained in Paragraphs 1 through 38 above, inclusive, and incorporate the same by reference herein.

40.     Petitioners deny the allegations of Paragraph 40 of the Claimant's Claim, including

subparagraphs a, b, and c.

41.     The allegations in Paragraph 41 of Claimant's Claim are denied.

42.     The allegations in Paragraph 42 of Claimant's Claim contain legal conclusions and statements of law, which do not require a response from Petitioners. To the extent a response is required, the allegations in Paragraph 42 of Claimant's Claim are denied.

WHEREFORE, Petitioners, Boston Harbor Cruises, LLC, and Hornblower Cruises and Events, LLC, pray that Count V of the Claimant's Claim be dismissed together with costs and attorneys' fees.

**COUNT VI**
**Ronald Weinberg v. Boston Harbor Cruises, LLC**
**(GENERAL MARITIME LAW – MAINTENANCE AND CURE)**

43.     Petitioners reaffirm and reiterate all of their Answers contained in Paragraphs 1 through 42 above, inclusive, and incorporate the same by reference herein.

44.     The allegations in Paragraph 44 of Claimant's Claim are denied.

WHEREFORE, Petitioners, Boston Harbor Cruises, LLC, and Hornblower Cruises and Events, LLC, pray that Count VI of the Claimant's Claim be dismissed together with costs and attorneys' fees.

**AFFIRMATIVE DEFENSES**

NOW COMES, the Petitioners, Boston Harbor Cruises, LLC, and Hornblower Cruises and Events, LLC, and incorporates the following Affirmative Defenses into each and every cause of action contained in its Answer to the Claimant's Claim as follows:

1.     AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE, Petitioners state that the causes of action contained in Claimant's Claim fail to state causes of action under Fed. R. Civ. P. 12(b)(6).

7

2.      AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE, Petitioners state that if Claimant was injured in the manner alleged, which is specifically denied, Petitioners state that Claimant's Claim is barred by virtue of the doctrine of estoppel and/or the doctrine of waiver.

3.      AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE, Petitioners state that if Claimant was injured in the manner alleged, which is specifically denied, Petitioners state that Claimant's Claim is barred under the doctrine of Superseding or Intervening Cause.

4.      AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE, Petitioners state that if Claimant was injured in the manner alleged, which is specifically denied, Petitioners state that Claimant's Claim is barred under the doctrine of laches, the Statute of Limitations, and/or the Statute of Repose.

5.      AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE, Petitioners state that if Claimant was injured in the manner alleged, which is specifically denied, it was due in whole or in part to Claimant's own negligence and failure to exercise the degree of care, skill, and knowledge legally required of him and reasonably to be expected of an individual of Claimant's experience and not due to any negligence or fault on the part of Petitioners or any persons for whom Petitioners may be legally responsible.

6.      AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE, Petitioners state that if Claimant was injured in the manner alleged, which is specifically denied, it was due to the action and/or omissions of individuals for whom Petitioners are not legally responsible.

7.     AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE, Petitioners state that if Claimant was injured in the manner alleged, which is specifically denied, such injuries were caused by an open and obvious condition for which Petitioners are not legally responsible.

8.     AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE, Petitioners state that if Claimant was injured in the manner alleged, which is specifically denied, said damages were sustained as a result of an Act of God, for which Petitioners are not legally responsible.

9.     AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE, Petitioners state that if Claimant was injured in the manner alleged, which is specifically denied, the Claimant carelessly and negligently conducted himself and that he, by his own negligence, contributed directly and proximately to his own alleged injuries and damages, and accordingly, the Claimant's claims are barred, in whole or in part by the doctrine of comparative negligence. In the alternative, Petitioners are entitled to a set off in proportion to the Claimant's negligence or fault.

10.    AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE, Petitioners state that if Claimant was injured as alleged, which is specifically denied, Claimant's alleged injuries are wholly unrelated to, and were not caused by any act or omission by Petitioners.

11.    AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE, Petitioners state that if Claimant was injured in the manner alleged, which is specifically denied, any recovery by Claimant is barred or should be reduced as the Claimant failed to mitigate any alleged injuries or damages.

12.     AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE, Petitioners state that if Claimant was injured in the manner alleged, which is specifically denied, Claimant's alleged injuries pre-existed any alleged incident.

13.     AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE, Petitioners state that if Claimant was injured in the manner alleged, which is specifically denied, it acted reasonably and in good faith, and with due care for the rights and safety of Claimant.

14.     AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE, Petitioners state that if Claimant was injured in the manner alleged, which is specifically denied, under the doctrines of contribution and indemnification, persons or entities other than Petitioners are wholly or partially responsible for whatever damages, if any, are alleged in Claimant's Claim.

15.     AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE, Petitioners state that if Claimant was injured in the manner alleged, which is specifically denied, such injury was without the fault, knowledge, or privity of Petitioners, and Petitioners are entitled to an exoneration and/or limitation of its liability under the Limitation of Liability Act of 1851, 46 U.S.C. §§ 30501 *et seq.* which is adjudicated by this Honorable Court and not by a jury.

16.     AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE, Petitioners state that if Claimant was injured in the manner alleged, which is specifically denied, said alleged damage was the result of an unavoidable accident for which the Petitioners are not legally responsible.

17.     AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE, Petitioners state that if Claimant was injured in the manner alleged, which is specifically denied, Petitioners state that Claimant's alleged damages were the result of an unforeseeable intervening cause for which Petitioners were not responsible and thus the Claimant's Claim should be dismissed.

18.     AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE, Petitioners state that if Claimant was injured in the manner alleged, which is specifically denied, Petitioners state that Claimant has failed to join indispensable parties under Fed. R. Civ. P. 12(b)(7) and Fed. R. Civ. P. 19.

19.     AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE, Petitioners state that the Claimant's Jury Demand and statement that "CLAIMANT DEMANDS A TRIAL BY JURY ON ALL ISSUES RAISED IN COUNTS I-VI" should be considered a nullity and properly stricken as the Petitioners invoked this Honorable Court's Admiralty and Maritime Jurisdiction.

20.     AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE, Petitioners state that if Claimant was injured in the manner alleged, which is specifically denied, Petitioners state that it hereby gives notice that they intend to rely upon other such defenses as may become available or apparent during the course of discovery and/or as may be asserted by other parties to litigation arising out of the alleged incident, and they thus reserve the right to amend their Answer and Affirmative Defenses to assert such defenses.

WHEREFORE, Petitioners pray that Claimant Ronald Weinberg's Claims and the relief sought therein be dismissed with prejudice, together with costs and attorneys' fees, and judgment

11

be entered in favor of the Petitioners, finding them entitled to Exoneration and/or Limitation of

Liability under 46 U.S.C. § 30501 *et seq*.

Respectfully submitted,

Petitioners, Boston Harbor Cruises, LLC and
Hornblower Cruises and Events LLC,

By their attorney,

ECKLAND & BLANDO LLP


/S/SAMUEL P. BLATCHLEY
Samuel P. Blatchley (BBO#670232)
sblatchley@ecklandblando.com
555 Pleasant Street, Unit 2C
New Bedford, MA 02740
(617) 217-6936

## CERTIFICATE OF SERVICE

I hereby certify that on April 2, 2026, I electronically filed the within document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/S/SAMUEL P. BLATCHLEY
Samuel P. Blatchley (BBO# 670232)

12